<span>ELLIS v. DIDDY.</span>

---

## ELLIS *v.* DIDDY.

Petition for assignment of dower. The defendant pleaded in bar, that the guardian of the heirs obtained an order for the sale of the lands; that the petitioner was present in Court and concurred in the application for the order; that the land was sold to the defendant, and the petitioner received a portion of the purchase-money in payment of her right of dower; that she was present at the time and place of sale, and the commissioner then represented that the purchaser would acquire a title free from all claims, in which the petitioner concurred, and gave no notice of any claim of dower. Special demurrer sustained. *Held*, that the plea was good. *Held*, also, that if the matters alleged were true, the petitioner was estopped from asserting a right of dower.

The defendant has a right to plead any matter to the petition which will defeat or diminish the petitioner's claim to dower.

APPEAL from the *Elkhart* Circuit Court.                    *Saturday, December 15.*

PERKINS, J.—Petition for the assignment of dower in the lands owned by *Peter Diddy*, deceased. The defendant pleaded in bar of the petitioner's right to dower. The petitioner demurred specially to the plea. The Court sustained the demurrer, and decreed the dower prayed for.

The defendant's plea states that, after the death of said *Peter*, *William Latta* was appointed guardian of his children, then infants, and that said guardian, at the *September* term, 1837, of the *Elkhart* Probate Court, applied for permission to sell said lands of said *Peter*, deceased; that the sale was ordered; that the lands were appraised, without considering any right to dower, at 25 dollars per acre, being their full value, unencumbered; that they were sold under said order to the defendant below, *Jacob Ellis*, for 25 dollars and 12 cents per acre, and deeded to him; that, at the time of the application by the guardian for their sale, said *Isabella Diddy*, the petitioner, was present in Court and concurred in said application, and that she received 717 dollars of the money received on the said lands, which sum, the plea alleges, was " received and accepted by her as a full payment for her said interest in, and as a payment and commutation of her right of dower to and in, said premises, so as aforesaid sold and conveyed to said *Jacob Ellis*. And said defendant further avers that at the time and place of said sale of said lands made by said *John D. Defrees*, commissioner as aforesaid, in the presence and hearing of said defendant and of said petitioner, it was represented by said commissioner that the purchaser of said premises at said sale would acquire a complete and perfect title to the same, thereby then and there meaning and intending, and then and there being so understood by said petitioner and said defendant, that the purchaser would acquire a good and perfect title to said lands clear and free of any and all liens, claims, and incumbrances whatever, and that said petitioner then and there acquiesced in said representations and urged said sale, and gave no notice whatever of any lien, claim, or incumbrance in the nature of dower or otherwise to or upon said premises, and that he, said defendant, then and

there purchased said premises at and for said sum of 25 dollars and 12 cents per acre, in full reliance on said representation, &c., and that he gave 1,000 dollars more for the same, than he would have given, had he supposed the widow's right of dower still remained upon them, &c.

The defendant had a right to plead to the petition any matter which would defeat or diminish the petitioner's claim to dower.  R. S. 804, ss. 76, 77.  The plea, therefore, was well pleaded.

The objection to the plea set down in the special demurrer, is that it is double, in this, that it sets up matter of record and matter not of record; but we think it contains but a series of facts all going to constitute but one bar to the petition; and, in this view, is justified by the rules of pleading.

Upon the merits, we think, if the matters alleged in the plea exist, the petitioner is estopped to assert a right to dower.  They show that she has " stood by" and seen the lands sold under circumstances that make it fraudulent in her to now assert such a right.  1 Story's Eq. ss. 385, 386, 387.—*Doughey* v. *Tapping*, 4 Page, 94.—*Smiley* v. *Wright*, 2 Ham. 501.—*Jones* v. *Powell*, 6 John. Ch. R. 194.—*State* v. *Holloway*, 8 Blackf. 45.—*McCormick* v. *Digby*, id. 99.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*L. Barbour*, for the appellant.

*J. A. Liston*, for the appellee.