Rowe, Assignee, *v.* Major *et al.*

No. 10,405.

ROWE, ASSIGNEE, *v.* MAJOR ET AL.

SUPREME COURT.—*Motion to Strike Out Pleading.*—The overruling of a motion to strike out part of a pleading, even though erroneous, is not regarded by the Supreme Court as an available error for the reversal of a judgment.

GRAVEL ROAD COMPANY.—*Judgment and Execution.*—*Incorporeal Rights and Franchises.*—*Sheriff's Sale.*—*Ratification.*—Where a sheriff, by virtue of an ordinary execution issued on a judgment against an insolvent gravel road company, has levied upon and sold its entire property, including its incorporeal rights and franchises, for a sum more than sufficient to satisfy such execution, the acceptance of the surplus of the proceeds of such sale, though it be illegal, by the assignee of such company, for the benefit of its creditors, is a ratification and affirmation of such sale, and neither the assignee nor assignor can be heard to question or controvert its legality or validity.

PLEADING.—*Denial in Affirmative Answer.*—*Demurrer.*—*Harmless Error.*—It is a harmless error to sustain a demurrer to an affirmative paragraph of answer containing a general denial, where the facts stated affirmatively are insufficient, when it appears that the general denial is also pleaded in another paragraph of answer.

From the Morgan Circuit Court.

*G. A. Adams, L. Ferguson, J. S. Newby* and *H. A. Smock,* for appellant.

*W. R. Harrison* and *W. E. McCord,* for appellees.

HOWK, J.—In this action, the appellant, as the assignee of the Martinsville and White River Valley Gravel Road Company, sued the appellees Noah J. Major, Robert H. Tarle-

ton, George W. Egbert, Tighlman H. Parks, Ebenezer Henderson and William R. Harrison, in a complaint of two paragraphs. In the first paragraph, the appellant alleged, in substance, that the said gravel road company was a duly organized corporation in this State, and as such constructed a gravel road from the town of Martinsville to Stotts' creek, in Morgan county, a distance of eight miles, and for twelve years last past had owned and operated such road, collecting tolls, etc.; that said corporation was still in existence; that on January 8th, 1881, said company being largely in debt and in embarrassed and failing circumstances, by its board of directors and officers, made an assignment of all its rights, credits, franchises and effects, to the appellant, for the benefit of all the *bona fide* creditors of said company; which assignment was by said company properly executed and duly recorded in the deed records of Morgan county, and the appellant qualified, as such assignee, by giving bond and taking the prescribed oath for the faithful performance of his duties as such assignee; that the appellees, without right so to do, were setting up a claim of ownership, and attempting to use and exercise control of and in and to the road-bed, and claiming the right to collect toll for travel over and upon said road; that appellees were then collecting toll for travelling over and upon said road, and were threatening to and would continue to take toll for such travel without right, if not enjoined by the court; the franchises whereof and the right to collect toll, with the ownership of the road-bed, the appellant averred, belonged to said company and to him by virtue of said assignment; and that appellant was still acting as such assignee. Wherefore, etc.

In the second paragraph of his complaint, after stating substantially the same matters as were stated in the first paragraph, the appellant further alleged that on the —— day of ————, 187–, the appellee Henderson recovered a judgment against said gravel road company, in the court below, for the sum of $————, and costs taxed at $————, and on the

same day numerous other judgments were rendered in said court, in favor of different parties, against such company; that on December 2d, 1880, an execution was issued upon each of said judgments and placed in the hands of the sheriff of Morgan county, who on the same day levied all such executions including the one in favor of appellee Henderson, on all the personal property of said company, such as toll-houses, scrapers, etc., and at the same time attempted to levy the same upon the franchises of said company, such as the right to take and collect toll for travel over and upon its road, and after advertising the same, on January 1st, 1881, offered and sold the toll-houses, scrapers, plows and other personal property belonging to said company, and at the same time pretended to sell the right and franchise of the company to take and collect toll for travel over its road; that said sale and pretended sale were made, or pretended to be made, to the appellees herein, who claimed to have purchased at such sale not only the personal property, but also the corporate franchises of said company, and immediately thereafter, without right as the appellant averred, the appellees took possession of said road and began taking and collecting toll for travel over and upon such road, and had without right ousted the appellant from the possession and control of said road and from the right to take and collect toll for travel thereon, and were then denying such right to the appellant; and that the appellees were then taking toll for travel over said road, and would continue so to do, if not restrained by an order of the court; and the appellant averred that the sale or attempted sale of the franchises of said company passed no title thereto to the appellees, and, therefore, he demanded that so much of such sale be set aside and declared void, and that the right to take and collect such toll be declared to be in the appellant, as the assignee of said company, and that the appellees be enjoined from collecting such toll or claiming title thereto, and for all other proper relief.

The cause was put at issue and tried by the court, and a

Rowe, Assignee, *v.* Major *et al.*

finding was made for the appellees, the defendants below; and, over the appellant's motion for a new trial, the court rendered judgment against him for appellees' costs.

In this court, the following decisions below are assigned as errors by the appellant:

1. The overruling of his motion to strike out part of appellees' answer;

2. The overruling of his demurrer to appellees' answer, except as to general denial;

3. The sustaining of appellees' demurrer to the first paragraph of appellant's reply; and,

4. The overruling of his motion for a new trial.

Of the first of these errors it will suffice to say that, under repeated decisions of this court, even if the ruling were erroneous, it would not constitute an available error for the reversal of the judgment. The motion to strike out is based upon the theory that the objectionable matter in the pleading is mere surplusage; and where the motion is overruled, the effect of the ruling is, at most, to leave surplusage in the record, which will not vitiate the pleading, if it is otherwise good. *Mires* v. *Alley,* 51 Ind. 507; *House* v. *McKinney,* 54 Ind. 240; *City of Crawfordsville* v. *Brundage,* 57 Ind. 262.

2. In their answer, the appellees alleged, in substance, that on January 1st, 1881, they purchased the gravel road, with all its rights and franchises set forth in appellant's complaint, at public sale by the sheriff, which sale was made by the sheriff in pursuance of levies of sundry executions issued to him by the clerk of the court below, to enforce the collection of judgments therein rendered against appellant's assignor, in favor of the First National Bank of Martinsville and other parties in 1872 and 1874, amounting in the aggregate to over $3,200, which remained in force; that such sale was so made, after due notice to the appellees, for the sum of $5,005, which they fully paid to the sheriff, and with which money the sheriff then and there paid and satisfied the said

executions, and the sheriff then and there delivered the said road, with its appurtenances and all its rights and franchises to the appellees, and they then and there entered upon and took possession of the same, and had since retained such possession; that when such levy and sale were made appellant's assignor had no other property on which a levy could be made; that appellant and his assignor, and the officers, directors and attorneys of his assignor, at the time of the levy of said executions, and at the time of the sale and delivery of said road to the appellees, stood by and acquiesced in all that was done in relation thereto, bid at the sale in competition with the appellees, and caused and encouraged appellees to bid and pay therefor a much larger sum, to wit, $2,000, than they, except for the acts of the appellant and his assignor, and its officers, directors and attorneys, would otherwise have been required to bid and pay, as appellant's assignor then and there, during all the time, had due notice; that after the sheriff had applied such money in satisfaction of the said executions, there remained in the hands of the sheriff of the money so paid by appellees the sum of about $1,200, which the appellant and his assignor, and its officers, directors and attorneys, demanded of and received from the sheriff, claiming that such money belonged to them, because it was a part of the price paid by the appellees for said road, and its rights and franchises, as their property, which said money they had since retained and converted to their own use. Wherefore the appellees said that the appellant and his assignor, and all concerned with them, were and ought to be declared estopped to set up any claim to said road, or have such action against them as stated in the complaint; and for the further reason that the appellees, on January 1st, 1881, under a statute of this State entitled "An act authorizing the construction of plank, macadamized, and gravel roads," approved May 12th, 1852, and acts supplemental thereto and amendatory thereof, formed and organized themselves into a corporation, under the corporate name of "The Martinsville and White

River Valley Gravel Road Company," for the purpose of owning and operating the said road as a toll gravel road, and having filed its articles of association in the recorder's office of Morgan county, on the day last named, the new corporation appointed proper officers, and entered upon and took possession of said road, and had since owned and operated the same as a toll gravel road, under the laws of this State, with all the rights, franchises and powers of such a road; and the appellees denied each allegation of the complaint, not specifically denied or avoided in this answer. Wherefore, etc.

It is earnestly insisted by the appellant's counsel that the trial court erred in overruling his demurrer to the foregoing answer. We are clearly of opinion, however, that the facts stated in the answer, if true, and the demurrer concedes their truth, constituted a complete bar to the cause of action set forth in the complaint, whether pleaded by the appellant or by the appellant's assignor. Conceding, without deciding, that the sheriff's levy upon and sale of the gravel road of appellant's assignor, together with its property, rights, privileges and franchises, corporeal and incorporeal, were irregular and unauthorized by law, it is clear, we think, that the appellant's assignor and the appellant are alike estopped upon the facts averred in the answer, from calling in question or controverting in any manner the legality and validity of such levy and sale. There can be no doubt, we think, that the gravel road of appellant's assignor, and all its tangible property, were subject to levy and sale by the sheriff for the purpose of satisfying the executions mentioned in the answer. This point is not questioned by the appellant's counsel, as we understand them; but they insist very earnestly that the incorporeal rights and franchises of appellant's assignor, under the law, were not subject to levy and sale on an ordinary execution. The argument of counsel is, in substance, as follows: The sheriff levied upon and sold on execution both the tangible property and the incorporeal franchises of appellant's assignor, as an entirety; the incorporeal franchises were not

subject to levy and sale on execution; and that, therefore, the entire levy and sale by the sheriff to the appellees were illegal and void.

In Rorer on Judicial Sales (2d ed.), section 1333, it is said to be "well settled that what an owner may sell himself, may be sold on execution, if there be no law to the contrary." In section 3665, R. S. 1881, in force since February 28th, 1855, it is expressly provided that a gravel road company may voluntarily sell and convey, by deed, any part or section of its road, "with all the rights, properties, and franchises thereunto pertaining." It is by no means certain that the entire property, corporeal and incorporeal, of the appellant's assignor was not legally levied upon and sold by the sheriff, as an entirety, to the appellees. However this may have been, and we do not find it necessary to decide the question in this case, it is certain, we think, that, upon the facts alleged in the answer, neither the appellant nor his assignor can successfully complain of the sheriff's levy upon and sale of the property, or any part thereof, to the appellees. By their acceptance of a part of the proceeds of the sheriff's sale, the appellant and his assignor ratified and affirmed such sale, and they can not be heard to question or controvert its legality or validity. *Ellis* v. *Diddy,* 1 Ind. 561; *Jennings* v. *Kee,* 5 Ind. 257; *State* v. *Stanley,* 14 Ind. 409; *Maple* v. *Kussart,* 53 Pa. St. 348. In the case last cited it is well said: "It is a maxim of common honesty, as well as of law, that a party can not have the price of land sold, and the land itself. Accordingly, it has been ruled uniformly that if one receive the purchase-money of land sold he affirms the sale, and he can not claim against it whether it was void or only voidable."

The demurrer to the answer was correctly overruled.

3. The third error complained of is the sustaining of appellees' demurrer to the first paragraph of appellant's reply. The substance of this paragraph of the reply is that the sheriff did not offer and sell separately the gravel road, the two toll-houses, and the scrapers, plows, etc., levied upon as the

property of the appellant's assignor; but that the sheriff offered and sold all such property, as an entirety, to the appellees for the sum of $5,005; and that the money received by the appellant from the proceeds of such sale, if any, was a part of the said sum of $5,005, so bid in gross for all said property; and the appellant "denies each and every allegation in defendant's answer set out, not herein specifically denied." The second paragraph of reply was a general denial of the answer.

It is certain, we think, that the affirmative facts, stated in the first paragraph of the reply, were not sufficient to constitute a reply to the answer. If, as appellant claims, it was error to sustain a demurrer to the first paragraph of reply, because of the general denial contained therein, the error was certainly harmless, for the reason that the second paragraph of the reply, which remained in the record, was also a general denial. But it may well be doubted whether the first paragraph of reply was made good, on the demurrer thereto, by the denial contained therein. *Pouder* v. *Tate,* 76 Ind. 1.

4. The causes assigned for a new trial in appellant's motion were, that the finding of the court was not sustained by sufficient evidence, and was contrary to law. We think the evidence in the record fairly sustains the averments of appellees' answer. We can not, therefore, disturb the finding of the court on the evidence.

We find no error in the record.

The judgment is affirmed, with costs.

Filed Oct. 12, 1883. Petition for a rehearing overruled Dec. 14, 1883.