No. 11,125.

## WIRE v. WYMAN.

PARTITION.—*Suit by Widow.*—*Grantee of Administrator.*—*Defence.*—*Estoppel in Pais.*—In an action of partition, brought by the widow of the deceased owner of land against the grantee of the administrator of such owner's estate, an answer to the effect that the defendant was induced to purchase the land at administrator's sale by the representations of the plaintiff to him that he would get a good title to the entire land, that she, as widow, would claim no interest in such land; and that she would take her interest in the other lands owned by her deceased husband, is a good defence to the action as an estoppel *in pais.*

From the Washington Circuit Court.

*J. A. Zaring,* for appellant.

*A. B. Collins,* for appellee.

HOWK, C. J.—This was a suit by the appellee, Eliza Wyman, against the appellant, Henry Wire, for the partition of certain real estate, particularly described, in Washington county. In her complaint the appellee claimed that she was the owner in fee simple of the undivided one-third part, and the appellant was the like owner of the remaining two-thirds part of such real estate; and that they held the real estate as tenants in common; and the appellee demanded judgment for partition, and for other proper relief. In the circuit court partition was awarded the appellee as prayed for in her complaint, and final judgment was rendered accordingly.

In this court appellant has assigned a number of errors; but the controlling question for our decision is fairly presented, as it seems to us, by the alleged error of the court in sustaining appellee's demurrer to the second paragraph of appellant's answer.

In this paragraph of answer the appellant alleged that, on the 26th day of December, 1879, one Henry Wyman departed this life, seized in fee simple of the real estate described in appellee's complaint; that afterwards, on February 12th, 1880,

one William McGinnis was duly appointed and qualified as administrator of the estate of said Henry Wyman, deceased; that as such administrator the said McGinnis, at the April term, 1881, of the court below, petitioned such court for and procured an order of the court, authorizing him to sell the real estate, described in appellee's complaint, to pay the debts of such decedent; that such order of sale was so procured, at the special instance and request of the appellee, and with her knowledge and consent; that the appellee stated at the time to the administrator McGinnis, that she would claim no interest whatever, as the widow of Henry Wyman, deceased, in such real estate, or any part or parcel thereof, and that she desired the same to be sold and the proceeds applied to the payment of the decedent's debts; that appellee was present in court when such order of sale was procured, and in accordance with such statements, made by her, the administrator procured such real estate to be appraised, without considering any right which the appellee, as the widow of the decedent, might have therein; and that the real estate was appraised at its full, unencumbered value.

The appellant further averred that, at the time and place of the administrator's sale of such real estate, the appellee was present and was made to understand the terms and conditions of such sale, that the real estate was being offered for sale free from all right which she might have therein as the widow of Henry Wyman; that she made no objection thereto, and the administrator represented to all present at such sale, and especially to the appellee and appellant, that the purchaser of the real estate, at such sale, would acquire a complete and perfect title to the real estate then and there being offered, thereby meaning and intending, and then and there being understood by both appellee and appellant to mean, that the purchaser of such real estate would acquire a good and perfect title thereto, free of any and all claims and encumbrances whatsoever, that the appellee acquiesced in such representation, and

urged the sale, and gave no notice of any claim which she might have by virtue of the marriage relation theretofore existing between her and Henry Wyman, deceased, or of any other claim whatever; that the appellee then and there urged the appellant to purchase such real estate, then and there stating to him that she would claim no interest in or to any part or parcel thereof; that the appellant, by reason of such representations, bid for such real estate the sum of $665, which was the full cash value thereof, and $300 more than he would have given had he known that the appellee had any claim, or would assert any claim, upon such real estate then and there purchased by him; that the sum of $665 was the highest bid offered for such real estate, and the same was sold at that price to the appellant, and he paid all the purchase-money and received from the administrator, McGinnis, a good and sufficient deed of all the real estate described in appellee's complaint.

And the appellant further said that after the sale of such real estate, in the manner and form aforesaid, the appellee ratified and confirmed such sale, and gave her consent to the use of the proceeds of such sale by the administrator in the payment of the debts of the decedent's estate, reserving her right to take her interest, as widow of the decedent, out of his lands yet unsold; that there was yet belonging to the decedent's estate a large amount of real estate of the value of $4,000 over and above all encumbrances thereon; that such real estate was amply sufficient for the appellee to have partitioned therefrom an amount of land, equal in value to one third of the value of all the lands, of which Henry Wyman died seized; that the only heirs of Henry Wyman, deceased, were the appellee, his widow, and Sarah E. Lightner, Laura A. Wyman and Charles E. Wyman; and that the said Sarah E. Lightner, Laura A. Wyman and Charles E. Wyman had given their consent, and asked that the appellee, as the decedent's widow, take her one-third out of the lands yet unsold. Wherefore, etc.

We are of opinion that the court erred in sustaining ap-

pellee's demurrer to the foregoing paragraph of appellant's answer. If the facts alleged in this paragraph are true, and the demurrer admits their truth, the appellee is estopped from asserting any title to, or interest in, the real estate described in her complaint, as against the appellant or any one claiming under him. It is not shown that the appellee was under any disability, and, in the absence of such a showing, it must be assumed that she was not, at the time the facts occurred which are stated in the answer. We need not decide, whether the order of the court upon the administrator's petition, or the administrator's sale and conveyance of the real estate to the appellant, were or were not sufficient upon the facts stated to divest the appellee, as the decedent's widow, of her title to or interest in such real estate. It is enough to say that no one, not under disability, can stand by during the sale of real estate and by silence, speech, or acts, induce another person to become the purchaser of such real estate, and afterwards be permitted to claim in a court of justice, as against such purchaser or those claiming under him, that he or she was at the time of such sale the owner of any share or interest, not then asserted, in the real estate sold. Especially is this so, where the party as in this case, under the allegations of the answer, practically renounces any claim to the real estate sold, urges and thereby induces the purchaser to buy and pay for the whole real estate including her interest therein, and with the consent of the other heirs of the decedent, agrees to take her interest or share, as widow, in all the lands of which her husband was seized at his death, out of the lands remaining unsold, which were amply sufficient for that purpose. The second paragraph of the answer stated facts sufficient to constitute a good defence to appellee's action, and the demurrer thereto ought to have been overruled. Ellis v. Diddy, 1 Ind. 561.

This conclusion renders it unnecessary for us to consider now the other errors, complained of by the appellant.

The judgment is reversed with costs, and the cause re-

manded with instructions to overrule the demurrer to the second paragraph of answer, and for further proceedings not inconsistent with this opinion.

Filed March 4, 1884.