No. 11,005.

MITCHELL ET AL. *v.* FISHER.

MORTGAGE.—*Release of.—Principal and Surety.*—When the principal in a note executes a mortgage to his surety to secure the payment of such note, and the surety-afterwards becomes the owner of the land, releases the mortgage, executes another to his creditor, who is the payee's attorney, and who transfers such mortgage to another, the payee of such note may foreclose such mortgage against such surety and the holder of such second mortgage.

SAME.—*Estoppel.*—In such action an answer by the holder of such second mortgage, that the mortgagee was informed by the payee of the note, before he took such mortgage, that such payee did not have nor intend to claim any lien upon said land by virtue of the first mortgage, does not constitute an estoppel.

From the Monroe Circuit Court.

*J. H. Louden, R. W. Miers* and *L. Ferguson,* for appellants.
*J. W. Buskirk* and *H. C. Duncan,* for appellee.

BEST, C.—This action was brought by the appellee against the appellants to foreclose a mortgage.

The facts averred are substantially these: That James Golden, deceased, and Abraham Weaver, on the 22d day of January, 1879, made their note to the appellee for $770; that Golden was principal and Weaver surety, and on the next day Golden and his wife executed to Weaver a mortgage upon eighty acres of land to secure the payment of said note and to indemnify Weaver against its payment; that on the 5th day of November, 1880, said note was placed in the hands of Levi Ferguson, an attorney, for collection, and that he continued the appellee's attorney until the 25th day of

December, 1881; that during this time Henry A. Smock became a partner of said Ferguson in the practice of the law, and both were fully informed as to the execution of said mortgage; that said Weaver purchased two-thirds of said land from the administrator of said decedent, and the residue from the widow; that thereafter he released of record the said mortgage, and on the 21st day of November, 1881, he executed to said Ferguson & Smock a mortgage upon said land to secure a note of $176.61, they then held against him; that the appellant Mitchell claims the mortgage made to Ferguson & Smock as aforesaid. Prayer that the entry of satisfaction be set aside, the mortgage be foreclosed on behalf of the appellee as against all the defendants, etc.

The appellant Mitchell filed an answer of three paragraphs. The first was subsequently withdrawn, and the second was embraced within the third.

The third averred substantially that before the execution of the mortgage to Ferguson & Smock, they inquired of the appellee whether he had or intended to claim any interest in or lien upon said land by virtue of such mortgage so executed to said Golden, and he informed them that he did not have, nor did he intend to claim any interest in or lien upon said land, and that said Ferguson & Smock, relying upon said statement, accepted such mortgage as security for their claim, and afterwards sold and transferred said mortgage for value to the appellant, who purchased the same without notice of the appellee's claim, and after the mortgage sued upon had been released of record, by reason of which he avers that the appellee is estopped to assert such mortgage as against him.

A demurrer was sustained to the second and third paragraphs of the answer, and the appellant declining to further plead, final judgment was rendered foreclosing said mortgage as against all the appellants.

The ruling upon the demurrer presents the only question in the record.

The facts averred in these paragraphs did not, as we think,

constitute an estoppel. The statements were made to Ferguson & Smock, from whom the appellant purchased his claim. They were, at the time the statements were made, the appellee's attorneys, and knew the facts. The statement that he had no lien was not the statement of a fact, but the expression of an opinion as to his rights under the mortgage, and an opinion upon which his attorneys had no right to rely. Nor did they have any right to rely upon the statement that he did not intend to enforce the mortgage. They knew he had the right to change his mind at any moment, and it was their duty to advise him to do so in order to collect his claim. Indeed, they could not discharge their duty to him without maintaining the most unquestioned loyalty to his interest, and therefore they could neither acquire any claim prejudicial to his interest, nor assert an estoppel to his prejudice.

Again, the statement that the appellee would not enforce the mortgage was a mere naked assertion, not based upon any consideration, made without being informed that Ferguson & Smock either intended or expected to take the mortgage in question, could be withdrawn at pleasure, and therefore did not constitute an estoppel.

The fact that the mortgage made to Weaver had been released of record before the appellant purchased the mortgage of Ferguson & Smock added nothing to the answer. The former showed, upon its face, that it secured the appellee's claim, and its cancellation by Weaver without the payment of the appellee's debt did not extinguish the lien. This the appellant was bound to know, and when he purchased a subsequent mortgage, without ascertaining whether or not the former had, in fact, been paid, he took the risk and must bear the loss.

These paragraphs were insufficient, and the demurrer properly sustained. The judgment should therefore be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellants' costs.

Filed March 6, 1884.