No. 11,382.

PITCHER v. DOVE.

QUIETING TITLE.—*Complaint.*—*Description of Lands.*—A complaint to quiet title, describing the land thus, "commencing at the northeast corner of section" (giving number, town. and range), "thence south about 100 rods to a stone established by the county surveyor, thence west 24 rods, thence south 4 rods, thence west 56 rods to middle dividing line of northeast quarter of said section, thence north on said line to the north line of said section, thence east to the place of beginning," gives a definite description.

SAME.—*Deed.*—*Evidence.*—*Estoppel.*—A deed of lands describing the first line as running from the same initial point "south one hundred rods," and otherwise corresponding with the complaint, shows no title beyond the distance of 100 rods; but if the stone mentioned in the complaint be still farther south, and the plaintiffs, ignorant of the matter, have been induced to purchase, by a device of the defendant who had knowledge, relying upon his representations that the first line of the tract extended south to the stone, the latter will be estopped in equity to dispute the fact.

SAME.—In such case parol evidence is admissible to establish the facts which create an estoppel.

REAL ESTATE.—*Title.*—*Acquisition by Estoppel.*—Title to land may be acquired by an estoppel *in pais.*

TAX DEED.—Where it is not shown that the person bound for taxes has no personal property, a tax deed will not convey title.

From the Hancock Circuit Court.

*W. H. Martin* and *T. S. Rollins,* for appellant.

*J. A. New* and *J. W. Jones,* for appellee.

ELLIOTT, J.—The complaint of the appellee asserts title to a tract of land described as follows: " Commencing at the northeast corner of section twenty, township fifteen north, of range six east; thence south, about one hundred rods, to a stone established by the county surveyor; thence west twenty-four rods; thence south four rods; thence west fifty-six rods to middle dividing line of northeast quarter of section twenty; thence north on said line to the north line of said section; thence east to the place of beginning." This description is a definite one and confines the claim of the appellee to the property thus specifically described. He is entitled to quiet title to the land he has described in his complaint, but not to some other tract. The issue made by his complaint was as to his title to this particular land, and he can not, as the complaint is framed, recover for any other land than that covered by the description given in his pleading.

The principal questions in the case are, whether the appellee proved title to the land described, and also proved that the appellant was asserting without right some title to it adverse to the appellee. *Second Nat'l Bank* v. *Corey*, 94 Ind. 457.

Where there is a conflict in the evidence, this court must act upon that which the jury and the trial court accepted as creditable and satisfactory, without weighing it to discover whether it was or was not the weightier. *Arnold* v. *Wilt*, 86 Ind. 367; *Cain* v. *Goda*, 94 Ind. 555.

In this case we must, under this well established rule, accept as true the evidence adduced by the appellee and ascertain whether it supports his complaint.

The claim of title is founded in part on a sheriff's deed and on a tax deed. The first of these deeds is based on a decree of foreclosure, and, as the claimant showed a judgment, sale and title in the judgment defendant, he made a case entitling him to the land described in that deed. That this deed did convey a title to the land described in it is clear enough; the difficult question is whether it covers all the land claimed. It is obvious that a sheriff's deed can not confer title to land

not embraced in the description, and here the question is whether it did embrace all the land now claimed; that it did include part of it is not disputed, the dispute is whether it embraces a strip of land lying more than one hundred rods south of the northeast corner of section twenty, in township fifteen. The complaint describes the line as running south to a stone established by the county surveyor; while the sheriff's deed describes the line as running south on the section line " one hundred rods." It seems quite clear that this latter description does not include land lying south of a point one hundred rods south of the northeast corner of section twenty. There is no ambiguity in the language, and it is clearly expressed that the south boundary line of the tract conveyed by the sheriff is one hundred rods distant from that corner. If a visible monument had been given in that deed, as it is in the description in the complaint, namely, a stone established by the surveyor, it would have controlled, for visible monuments control courses and distances. We can see no escape from the conclusion that the sheriff's deed conveyed land only for a distance of one hundred rods south of the place of beginning.

The tax deed was not sufficient to convey title, because it was not shown that the person bound for the taxes had no personal property. *Johnson* v. *Briscoe*, 92 Ind. 367; *Keepfer* v. *Force*, 86 Ind. 81; *Woolen* v. *Rockafeller*, 81 Ind. 208; *Smith* v. *Kyler*, 74 Ind. 575; *Ward* v. *Montgomery*, 57 Ind. 276.

Neither of the deeds, nor both combined, vested title in the appellee to the strip of land in dispute. There was, as the evidence shows, no claim asserted by the appellant to the land embraced in the sheriff's deed, and for this reason no case made against him on that deed. It appears very clearly that if the appellee has a cause of action, it must rest on some other foundation.

The appellee's counsel place the right to the relief sought on the ground of estoppel. Our cases hold that title may be

acquired by estoppel, and, while there is much diversity of opinion upon this point, we are satisfied that they rest on a solid foundation, and are well sustained by authority. *Ellis* v. *Diddy*, 1 Ind. 561; *Barnes* v. *McKay*, 7 Ind. 301; *Junction R. R. Co.* v. *Harpold*, 19 Ind. 347; *Maxwell* v. *Campbell*, 45 Ind. 360; *Burt* v. *Bowles*, 69 Ind. 1; *Anderson* v. *Hubble*, 93 Ind. 570 (47 Am. R. 394); *Wire* v. *Wyman*, 93 Ind. 392; *Pepper* v. *Zahnsinger*, 94 Ind. 88; *Karnes* v. *Wingate*, 94 Ind. 594; 19 Cent. L. J. 87, 90, and authorities cited in notes. Our ruling is that title may be acquired by estoppel.

What facts will constitute an estoppel sufficient to confer title is the next question encountered. It is well settled that there need not be any design to defraud in order to constitute an estoppel. It is sufficient if the conduct of the party has been knowingly such as would make it unconscionable on his part to deny what his conduct had induced another to believe and act upon in good faith and without knowledge of the facts. *Anderson* v. *Hubble, supra.*

In order to constitute an equitable estoppel, it must appear that one party has induced the other to act, and that there was knowledge on the one part and ignorance on the other. *Fletcher* v. *Holmes*, 25 Ind. 458; *Lash* v. *Rendell*, 72 Ind. 475; *Robbins* v. *Magee*, 76 Ind. 381, and auth. cited; *Sims* v. *City of Frankfort*, 79 Ind. 447; *Buck* v. *Milford*, 90 Ind. 291; *Mitchell* v. *Fisher*, 94 Ind. 108.

We proceed to an examination of the evidence to ascertain whether it proves an estoppel under these rules, and, guided by the rule heretofore stated, we must accept that adduced on the part of the appellee.

On the witness stand the appellee testified that he had lived on the land before he bought it at the sheriff's sale; that during that time he and the appellant traced the lines a half dozen times, and the latter pointed out the corners, and advised the purchase of the land; that the stone mentioned in the description in the complaint was pointed out to him by Pitcher, and identified as the corner. At the time mentioned

in the appellee's testimony the fence was along the line indicated by the corner, and has since been moved by the appellant. In the course of his testimony the appellee said: "He," the appellant, "said the fence was on the line before I bought it; I don't know anything about the thing; I took his word for it; the fence was there, and he said it was on the line." And the appellee also testified that he did not know where the corners were, but relied on the statements of the appellant. There was other evidence tending to prove that the line had been established by former owners, and that this was known to the appellant and acquiesced in by him. We think this evidence fully sustains the finding of the court, for it proves knowledge, and means of knowledge, on the part of the appellant, want of knowledge on the part of the appellee, and a purchase by the latter on the faith of the representations of the former. A case is established under the rules of law applicable to boundaries as well as under the strictest rules of estoppel. Browne Stat. Frauds (3d ed.), section 75; *Wingler* v. *Simpson*, 93 Ind. 201. The proposition of the appellant that he is not bound by the boundary line because no consideration was paid him can not be sustained, for at least two reasons, one, his own representations concluded him from averring that the line was not the true one; the other is, the purchase by the appellee, although it was of no benefit to the appellant, was a consideration. *Shade* v. *Creviston*, 93 Ind. 591. It is not necessary that a benefit should accrue to the promisor; it is sufficient if there is some detriment to the promisee.

There was no error in permitting the parol evidence upon the subject of the boundary of the land. It was proper to prove acts done in fixing the boundaries, and when acts are competent, so, also, are declarations accompanying them. *Creighton* v. *Hoppis*, *post*, p. 369.

Proof of an equitable title was sufficient to sustain the cause of action stated in the complaint. *Burt* v. *Bowles*, 69 Ind. 1; *Steeple* v. *Downing*, 60 Ind. 478; *Barnes* v. *Union School Tp.*, 91 Ind. 301. If the appellant had desired a more

specific statement of the title claimed by the appellee, he should have moved to make the complaint more specific. *Schenck* v. *Kelley*, 88 Ind. 444; *Collins* v. *McDuffie*, 89 Ind. 562; *Brown* v. *Ogg*, 85 Ind. 234.

Judgment affirmed.

Filed Dec. 10, 1884. Petition for a rehearing overruled Feb. 20, 1885.