Quick v. Milligan.

Filed Dec. 11, 1886.

No. 12,871.

## QUICK v. MILLIGAN.

DEED.—*Escrow.*—*Delivery Before Performance of Condition.*—*Fraud.*—*Estoppel.*—*Good-Faith Purchaser.*—Where a deed is executed and placed in the hands of a third person to be delivered to the grantee, who is already in possession of the land, only upon payment of the purchase-money, but such third person, in violation of his duty, delivers the deed, on fraudulent representations of the grantee, before the performance of the condition, and it is duly recorded, the grantor is estopped to assert title as against a subsequent good-faith purchaser.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*C. V. McAdams,* for appellee.

ELLIOTT, C. J.—We condense from the special finding of the trial court these material facts:

In October, 1884, the appellant, her sisters, Catherine Evans and Sarah Pugh, and their nephew, Samuel Etchison, were the owners in fee of the undivided one-fifth part of a tract of land, and Samuel Etchison was the occupant of the land, yielding rent to his co-tenants. In the month named Etchison made a contract with each of his co-tenants for the purchase of their respective interests in the land. Pursuant to the terms of the contract the appellant, who lived in Jasper county, in conjunction with her husband, on the 27th day of December, 1884, signed and acknowledged a deed conveying the land to Etchison. This deed she sent by mail to her

sister, Catherine Evans, with instructions to deliver it to Etchison only upon the condition that he paid the amount of the purchase-money of the land—three hundred and seventeen dollars—and not to deliver the deed until the money was paid. These instructions were received by Catherine Evans before she gave the deed to Etchison. After these instructions had been imparted to her, Catherine Evans did, in violation of those instructions, deliver the deed to the grantee named in it, without the payment of the purchase-money, delivering, at the same time, her own deed, and her sister Sarah also delivered hers. The deeds were all delivered on the false and fraudulent representation of Etchison that he would immediately mortgage the land, thus obtain money, and pay for the land. The delivery of the deed to Etchison was made without the knowledge or consent of the appellant. The deeds received by Etchison were placed on record on the 5th day of March, 1885. After the deeds were recorded, and while Etchison was in possession of the land, it was purchased of him in good faith, without notice of any fraud, for a fair price fully paid, and in the belief that the deeds were valid, and with knowledge of Etchison's possession, by the appellee, George Milligan, and a deed was executed to him by Etchison.

It is the contention of the appellant that on these facts the law should have been declared to be with her. This contention is asserted by counsel on the strength of the cases which hold, that, where a deed is placed in the hands of a third person to be delivered to the grantee upon the performance of a certain condition by the grantee, a delivery in violation of the condition will not make the deed effective. In support of this position counsel cite many cases, among them *Berry* v. *Anderson*, 22 Ind. 36, *Robbins* v. *Magee*, 76 Ind. 381, *Freeland* v. *Charnley*, 80 Ind. 132, *Vaughan* v. *Godman*, 94 Ind. 191, *Burkam* v. *Burk*, 96 Ind. 270, *Stringer* v. *Adams*, 98 Ind. 539, *Vaughan* v. *Godman*, 103 Ind. 499, *Harkreader* v. *Clayton*, 56 Miss. 383 (31 Am. R. 369), *Chip-*

*man* v. *Tucker,* 38 Wis. 43 (20 Am. R. 1), *Stanley* v. *Valentine,* 79 Ill. 544, *Smith* v. *South Royalton Bank,* 32 Vt. 341, *People* v. *Bostwick,* 32 N. Y. 445, *Black* v. *Shreve,* 13 N. J. Eq. 455, *Dyson* v. *Bradshaw,* 23 Cal. 528, *Ogden* v. *Ogden,* 4 Ohio St. 182, *White* v. *Core,* 20 W. Va. 272.

We have not the slightest doubt that the abstract proposition stated by counsel is correct, for we understand it to be a rudimentary rule in the law of real property, that a deed delivered as an escrow is not effective if placed in the hands of the grantee in violation of a condition upon which the person who holds as an escrow is authorized to deliver it. If this proposition is broad enough to cover the case, the appeal must be sustained; but we can not grant this essential requisite, for there remains the question of estoppel. It might be conceded, that in ordinary cases, where the grantor remains in possession, the delivery of a deed, by one who received it as an escrow, in violation of the condition upon which he was authorized to deliver it, would not make the deed effective to convey title, and yet there might be circumstances which would estop the grantor from asserting title against a *bona fide* purchaser.

Title to land may be transferred and acquired by estoppel. *Pitcher* v. *Dove,* 99 Ind. 175, and cases cited. In speaking of the application of the doctrine of estoppel to land, a recent writer says : " This principle applies irrespective of the nature of the property sold, and the estoppel will be so moulded as to prevent fraud and injustice in whatever form it may present itself." Herman Estoppel and Res Adjudicata, section 931.

The Supreme Court of the United States, in discussing the general subject, said : " The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both. This

remedy is always so applied as to promote the ends of justice." *Dickerson* v. *Colgrove*, 100 U. S. 578.

In our own court it has been said: "It is not necessary in order to the existence of an equitable estoppel that there should exist a design to deceive or defraud. The person against whom the estoppel is asserted must, by his silence or his representations, have created a belief of the existence of a state of facts which it would be unconscionable to deny; but it is not essential that he should have been guilty of positive fraud in his previous conduct." *Anderson* v. *Hubble*, 93 Ind. 570 (47 Am. R. 304).

This doctrine has been asserted by this court in other cases, and is well sustained by the decisions of other courts. *Pitcher* v. *Dove, supra; Vilas* v. *Mason*, 25 Wis. 310; *Foster* v. *Bettsworth*, 37 Iowa, 415; *Rudd* v. *Matthews*, 79 Ky. 479 (42 Am. R. 231); *Racine Co. Bank* v. *Lathrop*, 12 Wis. 466; *Chynoweth* v. *Tenney*, 10 Wis. 397; *Continental Nat'l Bank* v. *National Bank*, 50 N. Y. 575; *Blair* v. *Wait*, 69 N. Y. 113.

The wrong constituting the legal fraud is the repudiation of what the conduct of the party has made appear true, to the injury of another, who, in good faith, has acted upon an apparent state of facts created by the conduct of the person who makes the denial of what his conduct implies. Negligence may sometimes constitute legal or constructive fraud, as is well illustrated by the forcible opinion in *Stevens* v. *Dennett*, 51 N. H. 324, where it was said: "Thus, negligence becomes constructive fraud,—although, strictly speaking, the actual intention to mislead or deceive may be wanting, and the party may be innocent, if innocence and gross negligence may be deemed compatible."

There is another principle applicable here, and that is this: Where one of two innocent persons must suffer, he must be the sufferer who put it in the power of the wrong-doer to cause the loss, or as it has been said. "He certainly who trusts most ought to suffer most." Where one of two innocent parties must suffer, he through whose agency the loss

occurred must sustain it. *Le Neve* v. *Le Neve*, 3 Atk. 646; *New* v. *Walker*, ante, p. 365; *Hunter* v. *Fitzmaurice*, 102 Ind. 449.

It is also a familiar principle that where one is in possession of land and has a deed of record, the possession will be referred to his deed, unless there are facts known to one who is about to acquire an interest in the land indicating a different possessory right. 1 Washburn Real Prop., star p. 35. Possession is often presumptive evidence of title, and one who finds on record a deed duly executed and recorded may surely act upon the presumption that as the paper title and the possession coincide, the possession is under the deed. 1 Washburn Real Prop., star p. 35.

In discussing a question very similar to the one before us, MARSHALL, C. J., said: "Titles which, according to every legal test, are perfect, are acquired with that confidence which is inspired by the opinion that the purchaser is safe. If there be any concealed defect, arising from the conduct of those who had held the property long before he acquired it, of which he had no notice, that concealed defect can not be set up against him. He has paid his money for a title good at law, he is innocent, whatever may be the guilt of others, and equity will not subject him to the penalties attached to that guilt. All titles would be insecure, and intercourse between man and man would be very seriously obstructed, if this principle were overturned." *Fletcher* v. *Peck*, 6 Cranch, 87, 133. This doctrine was unqualifiedly approved in *Somes* v. *Brewer*, 2 Pick. 184.

It is clear to our minds that these principles carry the case for the appellee, for it was the appellant who put it in the power of the wrong-doer to do the act complained of. She it was who suffered him to remain in possession of land, and placed in another's hands a deed which gave to that possession the fullest and most complete indicia of absolute ownership. The purchaser found the vendor equipped with the most potent evidences of ownership, for he had a recorded

conveyance, and he had possession. There was nothing wanting to an absolute and perfect title so far as visible and ascertainable facts disclosed.

Possession by the grantee named in the deed is an important element in the case, and it is an element that distinguishes the case from those cited by the appellant. Had the grantor retained possession, those cases might control, but here it was the grantee who had possession of the land. If a purchaser is not safe in buying where there is on record a properly framed deed, and the person named in the deed is in possession of the land conveyed by the deed, then, indeed, would titles be insecure and the purchase of lands hazardous. We have no doubt that where the two great elements of ownership, a deed and possession, are united in one person, a *bona fide* purchaser will be protected, although the person to whom the deed was entrusted to be delivered on the performance of a condition, may have delivered the deed in violation of his duty.

Judgment affirmed.

Filed Dec. 10, 1886.