No. 12,801.

## KELLEY *v.* FISK ET AL.

MORTGAGE.—*Priority of Lien.*—*Husband and Wife.*—*Estoppel.*—Where a wife holds a mortgage on her husband's land by assignment from the mortgagee, and the husband, to obtain a loan from another, states to the latter, in the presence of the wife, that her mortgage has been fully paid, which statement she does not contradict, although knowing it to be untrue, and in reliance upon such statement, the loan is made and a mortgage executed by the husband and wife upon the same land to secure it, the wife is estopped to assert the priority of her mortgage as against the later one, and it will be postponed to the lien of the latter.

From the DeKalb Circuit Court.

*F. K. Blake* and *W. L. Penfield,* for appellant.

*C. A. O. McClellan,* for appellees.

ELLIOTT, C. J.—The appellant's counsel expressly limit their argument to the questions presented by the exceptions to the conclusions of law stated by the trial court, and those presented by the ruling refusing to modify the judgment, and we are not, therefore, required to examine any other questions.

The facts stated in the special finding are, in substance, these: The appellant and Isaac M. Kelley are husband and wife, and were such on the 22d day of March, 1873. On that day Isaac M. Kelley was the owner of sixty acres of land, and on that day he and his wife executed to James D. Kelley

a mortgage conveying the land to secure two promissory notes. executed by him. On the 7th day of April, 1882, one of the notes was assigned to the appellant, and on the 16th day of April, 1883, the other note was assigned to her. The mortgage was also assigned and the assignment duly recorded. The notes and mortgage were purchased and paid for with the money of the appellant derived from her separate estate. These notes and the mortgage are due and unpaid. On the 29th day of November, 1881, Isaac M. Kelley executed a. promissory note to James A. Sprankle, and to secure it he and his wife executed a mortgage on the land described in the mortgage executed to James D. Kelley. Isaac M. Kelley was indebted to John R. Walker in the sum of one hundred dollars for money lent him, and on the 26th day of June, 1882, he applied to Walker for an additional loan of one hundred and sixty-six dollars, and for a renewal of the existing loan. Walker ascertained that the mortgage executed to James D. Kelley in 1873 was unsatisfied of record, and upon making this discovery refused to renew the existing loan or make an additional one. Thereupon Isaac M. Kelley, in the presence and hearing of Mabel E. Kelley, said to Walker that the mortgage to James D. Kelley had been fully paid and satisfied, and that the mortgagee had neglected to cancel it of record; the appellant did not contradict her husband's statement, although she knew that it was not true. Walker, believing the statement to be true and in reliance on it, lent Isaac M. Kelley one hundred and sixty-six dollars, and renewed the existing loan, receiving a note from Kelley and a mortgage executed by Kelley and his wife. The appellee Isaac M. Kelley is not a resident of the State of Indiana, and is wholly insolvent.

On the 20th day of October, 1882, Isaac M. Kelley applied to Royal J. Fisk for a loan of three hundred dollars, and represented to Fisk that the mortgage to James D. Kelley had been paid. This representation was also made in the appellant's presence and hearing, and was not contradicted.

Fisk relied on the representation, made the loan, and accepted as security a mortgage from the appellant and her husband.

The court did right in postponing the appellant's lien to those of the appellees Walker and Fisk.   She estopped herself to assert as against them the priority of her mortgage. It was not necessary for the appellees to prove that the appellant had preconceived a design to defraud them; it was enough for them to show that she had knowingly led them to believe that her mortgage was satisfied, for, having induced this belief, she can not be permitted to cause them loss by averring that the statements on which that belief rested were untrue.   Nor was it necessary for them to show that she herself spoke the words which induced the appellees to invest their money, for there was " a standing by " that effectually worked an estoppel.   *Anderson* v. *Hubble,* 93 Ind. 570 (47 Am. R. 394); *Pitcher* v. *Dove,* 99 Ind. 175; *Ward* v. *Berkshire L. Ins. Co.,* 108 Ind. 301 (304);   *Quick* v. *Milligan,* 108 Ind. 419, and authorities cited p. 420.

The wrong which constitutes the legal fraud that forms the basis of an estoppel in such a case as this, is the repudiation of what has been affirmed in words or conduct to be true, and it is not necessary that there should be prior positive fraud to create an equitable estoppel.   The principle which applies here has been recognized and enforced in very many other cases than those cited.   *State* v. *Holloway,* 8 Blackf. 45; *Ellis* v. *Diddy,* 1 Ind. 561; *Gatling* v. *Rodman,* 6 Ind. 289;   *Catherwood* v. *Watson,* 65 Ind. 576;   *Richardson* v. *Chickering,* 41 N. H. 380; *Gregg* v. *Wells,* 10 Ad. & E. 90.

The statement of this principle disposes of all the questions in the case, and fully sustains the judgment of the trial court.

Judgment affirmed.

Filed April 21, 1887; petition for a rehearing overruled June 21, 1887.