## No. 13,892.

## THE STATE, EX REL. WOOD, PROSECUTING ATTORNEY, *v.* HARE ET AL.

GRAVEL ROAD.—*Constable's Sale on Execution.—Ratification by Directors.—Purchaser's Right to Organize New Corporation.*—Where the property and franchises of a gravel road company are sold at a constable's sale on execution, and the sale so made is ratified and confirmed by its board of directors by a subsequent sale and conveyance to the purchaser at the execution sale, the purchaser may, by pursuing the methods provided for the organization of gravel road corporations, organize a new corporation for the purpose of owning and operating the road pursuant to the law under which such corporations owe their existence. The new corporation would take precisely the rights acquired by the purchaser, and no greater.

SAME.—*Sale of the Property and Franchises.*—The statutes which provide for the organization of gravel road companies and the construction of gravel roads, authorize the sale of the property and franchises of such corporation by the corporation itself or on execution.

SAME.—*Sale.—Consideration.—Quo Warranto.—Right of State to Institute.*—The sale by the directors having been made in pursuance of statutory authority, in consideration of the purchase at the constable's sale and the agreement of the purchaser to keep the road in repair, the State can not, so long as the parties interested are content, by a *quo warranto* proceeding, inquire into the adequacy of the consideration or assail the purchase on the ground that it was the result of a scheme to defraud certain of the stockholders.

From the Hamilton Circuit Court.

*R. Graham, A. F. Shirts* and *G. Shirts,* for appellant.

*T. J. Kane* and *T. C. Davis,* for appellees.

MITCHELL, C. J.—This proceeding was instituted by an information, in the nature of a *quo warranto,* on behalf of the State, on the relation of the prosecuting attorney of Hamilton county. It brought in question the right of the defendants to exercise the privileges and franchises of a corporation. The answer of the defendants presented substantially the following facts: The West Liberty Gravel Road Com-

pany was incorporated for the purpose of owning and operating a gravel road in the year 1869, with power to continue in existence for the period of twenty-five years. The corporation having become indebted to divers persons, its entire property, including its road-bed, toll-houses, franchises and effects, were levied upon and sold, so far as they could be, at a constable's sale on execution, to the defendant Marcus L. Hare. After the sale so made the board of directors of the gravel road company, more than two-thirds of their number being regularly convened and concurring, in consideration of the purchase and payments theretofore made by Hare, and the agreement on his part to put and keep the road in repair, by an order duly made and entered of record, sold and caused to be conveyed to him all the property and franchises of the company. After the several sales and the conveyance above mentioned, Hare associated with himself four others, and with them proceeded to organize a new corporation by adopting and filing articles of association, and electing officers, and under the organization thus effected, the defendants were assuming to act as a corporation, and were claiming to own and operate the West Liberty Gravel Road. Judgment for the defendants below.

Whether or not this was a sufficient answer is the principal, if not the only, question for consideration.

On behalf of the State it is insisted that while the tangible property of the corporation was liable to be sold on execution, its incorporeal rights and franchises could not be thus sold so as to confer upon the purchaser the right to reorganize a new corporation.

It is undoubtedly true that the franchise to be 'a corporation, is not a subject of sale, unless the law, by some positive provision, has made it so. *Louisville, etc., R. W. Co.* v. *Boney,* 117 Ind. 501.

While this is so, it has been repeatedly held that the statutes which provide for the organization of gravel road companies and the construction of gravel roads, also indicate

that the property and franchises of such córporations may be sold on execution. *Rowe* v. *Major*, 92 Ind. 206; *Indianapolis, etc., G. R. Co.* v. *State, ex rel.*, 105 Ind. 37.

Section 3646, R. S. 1881, enacts that upon execution issued upon any judgment or decree against a gravel road company property may be taken and sold without any valuation or appraisement. Section 3654 declares that in the event of the sale of any gravel road "upon any judgment rendered against the same," a director or officer of the company shall have the same right to purchase such road that any other person might have under existing laws. These sections clearly imply that the road may be sold. The sale of the road must necessarily carry with it the franchise, the right to operate it.

Section 3665, R. S. 1881, provides, in effect, that any gravel road company may sell any part or section of its road to any other party or corporation at such price, and upon such terms, as may be mutually agreed upon, and gives authority to convey by deed the section, or portion, of the road so sold, together with all the rights, properties, and franchises thereunto pertaining. Authority to sell any part or section of the road is equiva'lent to authority to sell the whole. The rule is, that whatever the corporation might voluntarily alienate, its creditors may subject to sale by adverse process. *Louisville, etc., R. W. Co.* v. *Boney, supra; Coe* v. *Columbus, etc., R. R. Co.*, 10 Ohio St. 372 (75 Am. Dec. 518). We are not to be understood as holding, however, that property partaking of the character of realty, together with the incorporeal rights and franchises of a gravel road corporation, may be sold by a cónstable on an execution issued by a justice of the peace. As it is not necessary to do so, we decide nothing upon that subject here.

Whether the constable's sale was valid or invalid is not important in the present case, as it appears that the board of directors of the corporation subsequently sold and conveyed all its property and franchises to Hare, who purchased at the

constable's sale, and who paid the judgments upon which the sales were made.

As we have already seen, the statute authorizes the sale upon execution of a gravel road and its franchises, and it also confers express authority on the board of directors to sell any portion or section of the road, together with the franchises pertaining thereto.

It is apparent that the sale and conveyance by the board of directors were intended merely as a consummation and confirmation of the execution sale theretofore made, which was of doubtful validity. That the corporation might thus ratify and confirm the sale there can be no doubt.

The suggestion that the sale was made without consideration is not sustained by the record. The averment is that the transfer was made in consideration of the previous purchase at the constable's sale, and the further consideration that the purchaser agreed to place and keep the road in repair. In the absence of anything appearing to the contrary, this must be assumed to be a sufficient consideration to uphold the sale. At all events, the sale having been made in pursuance of statutory authority, so long as the parties interested are content it is not for the State to inquire whether or not the consideration was adequate, nor can the State assail the purchase on the ground that it was the result of a scheme to perpetrate a fraud upon certain of the stockholders. While the stockholders are satisfied it is not for the State to assume to vindicate their rights by means of a proceeding like the present.

It is said that the statute makes no provision for the reorganization of a corporation after its property has been sold. The statute, however, does provide that a gravel road may be sold on execution, and that the corporation may sell and convey its property and transfer its franchises to any other party or corporation. If an individual may lawfully acquire the property and franchises of a corporation, it must follow as a matter of course that he may, by pursuing the methods

pointed out for the organization of gravel road corporations, organize a new corporation, for the purpose of owning and operating the road pursuant to the law under which such corporations owe their existence. The new corporation would take precisely the rights which the purchaser acquired, and no greater.

What has been said disposes of all the questions made, and results in an affirmance.

Judgment affirmed, with costs.

