| 16    237
| 46     35

[Filed April 18, 1888.]

THE COUNTY OF UNION, APPELLANT, *v.* F. M. SLOCUM, RESPONDENT.

A WRIT OF REVIEW under the Code of this State is the proper remedy to obtain a review of a judgment of a justice of the peace, rendered against the plaintiff in the writ, for the want of an answer.

SERVICES PERFORMED BY A PARTY, AT THE REQUEST OF A JUDGE OF A COUNTY, acting as a committing magistrate in taking testimony in a case of the State against another party, do not constitute a claim against the county; and a judgment rendered against the county in a Justice's Court upon such a claim, where it has not appeared and answered in the action, will be reversed upon writ of review.

APPEAL from Union County.

*George G. Bingham,* and *Baker, Shelton & Baker,* for Appellant.

*J. D. Slater,* for Respondent.

THAYER, J.— The respondent commenced an action against the appellant in the Justice's Court for the precinct of Union, in said county, to recover $11.75.

The following is a copy of the body of the complaint: "(1) That on or about the sixth day of January, 1887, the plaintiff, at the special instance and request of one O. P. Goodell, county judge of said Union County, Oregon, acting as a committing magistrate, rendered services for defendant amounting to the sum of $21.75 which is more specially shown by bill of items hereto attached, marked exhibit 'A,' and made a part of this complaint. (2) Thus said services were reasonably and legally worth the sum charged therefor. (3) That no part of the said sum of $21.75 has been paid to plaintiff except the sum of $10. (4)

That there is now due and owing from said defendant to the plaintiff the sum of $11.75." Wherefore, etc.

"EXHIBIT 'A.'

"Union County................................................Dr.
       To F. M. Slocum.
To taking testimony in the case of the *State of Oregon*
    v. *Charles Herring,* 87 folios, 25 cts.....................$21.75
       *Contra*
By amount paid.................$10.00......................... 10.00
                                                          _____
       To balance..........................................$11.75"

Service of the summons was made upon the county clerk of said county of Union, together with a copy of the complaint, certified by the justice of the peace of said precinct; but the appellant made no appearance in the action as required by the summons, and judgment by default was taken against it for the amount claimed in the complaint. The appellant thereupon sued out of the said Circuit Court a writ of review to have the said judgment reviewed, alleging in the petition therefor that the said judgment was erroneous and void in that, to wit, that said complaint did not state facts sufficient to constitute a cause of action, or to give the justice jurisdiction to render the judgment against the appellant.

Upon the return of the writ to the said Circuit Court the respondent filed a motion to dismiss the cause, upon the ground that the court had no jurisdiction of it. Whereupon said Circuit Court dismissed the writ and adjudged that the defendant therein (respondent herein) recover of and from the plaintiff therein (appellant herein) the costs and disbursements of the suit.

PER CURIAM.—The writ of review was properly brought. The appellant had no other remedy by which the judgment of the justice could be reviewed, and its dismissal by the Circuit Court was error. The judgment of the justice was erroneous, the facts set forth in the complaint did not constitute any cause of action, the services of the respondent alleged therein to have been rendered created no claim against the county of Union,

and if it had, the respondent could not have maintained an action thereon without presenting his account therefor to the County Court of said county for audit and allowance. A judgment could not properly be rendered upon such complaint in favor of a plaintiff.

The judgment appealed from will be reversed, and the case remanded to the said Circuit Court, with directions to that court to reverse the judgment of the justice, and to remand the case to the Justice's Court, with directions to dismiss the action.