## WALLOWA COUNTY v. OAKES.

78 Pac. 892.

FEES OF JUSTICES ACTING AS COMMITTING MAGISTRATES.

1. Under Section 1583 of B. & C. Comp., declaring justices of the peace to be magistrates, Section 1582, defining the office of magistrate, and Section 3000, fixing the fees of justices, the fees thus prescribed relate to the duties as committing magistrate under Sections 1620-1624, as well as to those of justice, so that a magistrate who has performed the services is entitled to the fees prescribed by Section 3000.

ACTION AGAINST COUNTY FOR FEES.

2. Where an officer's fees are regulated by law, and he has performed the services entitling him thereto, the county court must audit and allow his claim, and on refusal to do so an action at law may be maintained against the county to recover the sum due.

From Wallowa: ROBERT EAKIN, Judge.

Statement by MR. JUSTICE MOORE.

This is a special proceeding to review the action of an inferior court. The facts are that an information having been filed with the defendant H. E. Oakes, as a magistrate, who was then a justice of the peace of Wallowa County, charging the commission of the crime of libel, the person accused was apprehended, and brought before him, and, after hearing the proof, he concluded that the evidence produced was insufficient to sustain the charge, and released the prisoner. The warrant of arrest, depositions, and memoranda made at the examination were returned to the circuit court for that county, and there was filed with the county clerk thereof a certified bill of the fees prescribed for a justice of the peace for the performance of the services rendered, amounting to $6.35, and claimed to have been earned by Oakes in the investigation of the charge, but the county court of that county, sitting as a board of commissioners, refused to audit or allow any part of the bill. An action was thereupon commenced by Oakes against Wallowa County in a justice's court thereof, before the defendant A. E. Cray, as justice of the peace, to recover the sum stated. A demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action having been overruled, judgment for want of an answer was rendered for the sum demanded, to review which these proceedings were instituted. A transcript of the action brought before Cray having been certified up to the circuit court, the writ of review was dismissed, from which judgment Wallowa County

appeals.   The case was submitted on briefs under the proviso of Rule 16 : 35 Or. 587, 600.                        AFFIRMED.

For appellant there was a brief over the names of *Leroy Lomax,* District Attorney, and *Daniel Webster Shehan.*

For respondent there was a brief and an oral argument by *Mr. James A. Burleigh.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the court.

1. It is contended by appellant's counsel that no fees are prescribed by statute for the performance of any service by a judicial officer acting as a magistrate, and, this being so, Oakes's claim therefor, when rejected by the county court, could not be made the basis of an action against the county, for which reason the trial court erred in not setting aside the judgment of the justice's court and in dismissing the writ of review.   The rule is universal that the right of an officer to recover fees for the performance of a duty enjoined by law must be found in the act conferring it: *Jackson* v. *Siglin,* 10 Or. 93; *Pugh* v. *Good,* 19 Or. 85 (23 Pac. 827) ; *Houser* v. *Umatilla County,* 30 Or. 486 (49 Pac. 867).   The statute regulates the fees to which a justice of the peace is entitled (B. & C. Comp. § 3000), but it is argued that they are for the discharge of judicial duties only, and that the examination of a criminal charge does not come within the class of services for the performance of which remuneration is provided.   Justices' courts have jurisdiction of certain misdemeanors committed or triable in their respective counties (Laws 1903, p. 295), but the list does not include criminal libel. Though that crime is classed as a misdemeanor (B. & C. Comp. § 1778), prosecutions therefore must be by indictment (B. & C. Comp. § 1319), thereby depriving a justice of the peace of jurisdiction of the subject-matter, except to examine the case and to hold the defendant to answer or discharge him: B. & C. Comp. § 1620 et seq.   A magistrate is an officer having power to issue a warrant for the arrest of a person charged with the commission of a crime: B. &. C. Comp. § 1582. The following persons are magistrates : (1) The justices of the supreme court, (2) the judges of the circuit court, (3) the county judges and justices

of the peace, (4) all municipal officers authorized to exercise the powers and perform the duties of a justice of the peace: B. & C. Comp. § 1583. No fees are prescribed as compensation for the examination of a criminal charge by a justice of the supreme court, by a judge of the circuit court, or by a county judge, for the reason that each of these officers is paid a salary for the performance of the duties devolving upon him. A justice of the peace, however, receives no salary, but is remunerated by fees for the services required of him: B. & C. Comp. § 3000. This section of the statute declares: "The fees of justices of the peace shall be as follows: For issuing any summons, writ, warrant, process, or order, in any action or proceeding, civil or criminal," etc. The compensation prescribed by this act is not limited to the performance of duties required of that officer as justice of the peace only, but extends to the services performed by him as a magistrate. The certified copy of the bill filed by Oakes with the county clerk, as set out in his complaint in the action against Wallowa County, shows that the items thereof comply with the rate of fees prescribed for the performance of the service rendered, and it must be conceded that the examination of a charge of libel is a criminal proceeding. We think a justice of the peace, acting as a magistrate, is clearly entitled to the fees stipulated for the performance of the several duties enumerated.

2. This brings us to a consideration of the question whether or not an action at law can be maintained against a county to recover a compensation which the law has prescribed for the performance of an official duty. It must be admitted that, as a condition precedent to the right to maintain such action, the claim of the officer for the fees earned must have been presented to and rejected by the county court sitting as a board of county commissioners for the transaction of county business: *County of Union* v. *Slocum,* 16 Or. 237 (17 Pac. 876). The claimant's duty is fully discharged in this respect, however, when he files his bill with the county clerk, which is tantamount to a constant demand upon the auditing board to allow the sums stated. When the fees of an officer are regulated by law, and he has performed the service which entitles him to the compensation prescribed,

thereby rendering the county liable therefor, the county court has no discretion in the matter, but must audit and allow his claim; and for a refusal to do so an action at law may be maintained against the county to recover the sum demanded: *Crossen v. Wasco County,* 10 Or. 111. As analogous to the legal principle there announced and illustrative of the decision rendered, see *Grant County* v. *Lake County,* 17 Or. 453 (21 Pac. 447); *State* v. *Baker County,* 24 Or. 141 (33 Pac. 530); *Flagg* v. *Marion County,* 31 Or. 18 (48 Pac. 693); *Metschan* v. *Grant County,* 36 Or. 117 (58 Pac. 80). We think Oakes was unquestionably entitled to the fees claimed, and, as the county court refused to allow his bill therefor, an action at law against the county to recover the same was maintainable.

Other errors are assigned, but, deeming them unimportant, the judgment is affirmed.                              Affirmed.

Decided 19 December, 1904.