Argued July 2, reversed and dismissed September 17, 1918.

## COLBY *v.* CITY OF PORTLAND.

(174 Pac. 1159.)

**Municipal Corporations — Sidewalks — Personal Injuries — Presenting Claims—"Claim for Damages."**

1. Portland City Charter, Section 282, providing that "claims for damages" against the city must be presented to the auditor within six months after accrual, does not include claims arising *ex delicto* for personal injuries from defective sidewalks, from which liability Section 281 attempts to exempt the city.

**Limitation of Actions—Computing Time—Statutory Prohibitions.**

2. Under Section 8, L. O. L., an action against a city for personal injuries caused by a defective sidewalk must be brought within two years after it accrued, and the provision of Section 20 that the period of a statutory prohibition shall be no part of the time limited is not made applicable in such a case by Portland City Charter, Section 282, providing for audit of claims, but not including claims arising *ex delicto*.

**Limitation of Actions—New Action After Reversal of Judgment for Plaintiff.**

3. Under Section 21, L. O. L., providing that, when an action begun within the statute of limitations results in judgment for plaintiff, the latter may bring a new suit thereon within one year after reversal thereof on appeal, does not, in view of Section 184, apply to an action against a city and its officers, where plaintiffs' judgment against the officers was reversed more than a year after dismissal of the action against the city.

**Limitation of Actions—Action Against Servant.**

4. Running of statute of limitations is not interrupted by commencement of action against servant of real party in interest.

[As to whether the disability of one person, in respect to the statute of limitations, may inure to the benefit of another, see note in 49 Am. St. Rep. 710.]

From Multnomah: ROBERT TUCKER, Judge.

In Banc.

This is an action of negligence against the City of Portland brought by Victoria I. Colby for personal injuries alleged to have been received on the sixth day of May, 1915, as the result of a fall on a cross-walk at the intersection of East Salmon and East Thirty-second Streets in the City of Portland. The case was tried before the court and a jury, resulting in a verdict for the plaintiff in the sum of $1,578.50. The facts involved were before this court in the case of *Colby* v. *City of Portland,* 80 Or. 359 (166 Pac. 537), decided July 3, 1917. In that case, the trial of the lower court resulted in an alleged order of nonsuit as against the City of Portland, and a judgment against the other defendants who were officers of the municipality. Upon the reversal by this court of the judgment then obtained by the plaintiff against the city officers, this action was brought against the City of Portland alone.        REVERSED AND DISMISSED.

For appellant there was a brief over the names of *Mr. Walter P. La Roche,* City Attorney, and *Mr. Stanley Myers,* Deputy City Attorney, with an oral argument by *Mr. La Roche.*

For respondent there was a brief over the names of *Messrs. Cleeton & McMenamin* and *Mr. Harold V. Newlin,* with an oral argument by *Mr. Thomas J. Cleeton.*

BEAN, J.—1, 2. The first question for consideration is raised by the demurrer to plaintiff's complaint, interposed by the defendant upon the ground that it appears upon the face thereof that the action was not commenced within the time limited by the Code, and

is barred.   The trial court sustained the complaint and overruled the demurrer.

The complaint shows that the alleged injury occurred on May 6, 1915; that on June 1, 1915, plaintiff filed a claim for damagés against the City of Portland with the city auditor; that on July 6, 1915, the claim was presented to the council of the city; and that on July 7th of that year her claim was rejected and disallowed by the council.   The record shows that the complaint was filed July 25, 1917.   Section 8, L. O. L., provides that an action for any injury to the person or rights of another not arising on contract and not herein especially enumerated shall be commenced within two years after the cause of action shall have accrued.

Counsel for defendant submit that the alleged cause of action accrued on the date of the injury, and that it was not incumbent upon the plaintiff, prior to the commencement thereto, to present her claim to the city council and file the same with the city auditor, as provided for in Section 282 of the Charter of the City of Portland; and that the opinion in the case of *Caviness v. Vale,* 86 Or. 554 (169 Pac. 95), is decisive of the question.   Counsel for plaintiff maintain *inter alia* that said section of the city charter was necessarily complied with by the plaintiff, and that her cause of action did not accrue until sixty days had elapsed after her claim was so presented; and that the action was begun within the time prescribed by law; that by virtue of Section 282 of the charter there was a statutory prohibition staying the commencement of the action during such time.   As the accident occurred on May 6, 1915, and the complaint was not filed until July 5, 1917, it is apparent from the complaint that the action was barred by the statute of limitations, unless

the time of its commencement was prolonged by Section 20, L. O. L., or otherwise especially enumerated and provided for by the Code. Section 20 reads thus:

"When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action."

Section 282 of the city charter reads as follows:

"Every claim for damages against the City must be presented to the Council and filed with the Auditor within six months from the taking effect of this Charter or within six months after the time when such claim for damages accrues; otherwise there shall be no recovery on any such claim. No ordinance shall be passed allowing any such claim, or any part thereof, or appropriating money or other property to pay or satisfy the same, or any part thereof, until such claim has been referred to the proper department, nor until such department has made its report to the Council thereon pursuant to such reference, unless judgment has been rendered on such claim. No action shall be maintained against the City for any claim for damages until the same has been presented to the Council and filed with the Auditor as above set out and sixty days have elapsed after such presentation."

The question therefore is, Does the expression "claim for damages" include claims arising *ex delicto,* and especially claims arising from injuries occasioned by defects in a street?

In the case of *Caviness* v. *City of Vale,* 86 Or. 554 (169 Pac. 95), decided December 11, 1917, this court construed a section of the charter of the City of Vale which is admittedly identical in its wording with this section of the Portland charter. The reasoning followed in the construction of the Vale charter applies in the construction of the Portland charter. The opinion

in that case is a final determination of the question presented, adversely to the contention of plaintiff. At page 558 of the opinion, Chief Justice McBride said:

"It is contended that the complaint is insufficient as against the city for the reasons (1) that the claim was not presented within six months after the injury, as required by the charter, * *

"The first contention is settled adversely to the claim of respondent in *Sheridan* v. *City of Salem,* 14 Or. 328 (12 Pac. 925), wherein it was held that a provision of the charter which provided that 'no claim against the city shall be paid until it is audited and allowed by the common council' did not apply to claims arising *ex delicto.* * * The words 'claim for damages' used in the Vale charter, if standing alone and without reference to other provisions of the charter, would seem to be broad enough to include claims arising *ex delicto.* But a fair construction would seem to be that which would refer the language to such claims as the charter authorized the city to audit and pay. The object was to give the city the option of examining into the merits of the claim and paying it without an action, if deemed proper. In view of the fact that Section 200 of the charter expressly declares that the city shall not be liable for claims of the character herein described, it cannot be held that it was in the legislative mind to require the presentation to the council of a claim which it was expressly prohibited from paying. To do so would be to require the performance of a vain and useless ceremony. The authorities upon this subject are conflicting and will be found collated in an exhaustive note in *Henry* v. *Lincoln,* 93 Neb. 331 (140 N. W. 664), as reported in 50 L. R. A. (N. S.) 174), and in *Miller* v. *Mullan,* 17 Idaho, 28 (104 Pac. 660, 19 Ann. Cas. 1107)."

We adhere to the conclusion reached in that case by the Chief Justice. We do not believe that this section was ever intended by the framers of the charter to apply to actions *ex delicto.* In *Sheridan* v. *City of*

*Salem,* 14 Or. 328, at page 333 (12 Pac. 925, at page 926), of the opinion, Mr. Justice THAYER, in discussing this question, said:

"The breach of payment in the action of *assumpsit* is a necessary allegation, but it does not figure at all in an action of trespass on the case. The city only agrees to pay a contracted indebtedness in case the claim is presented as mentioned, and the action is for a refusal to audit and allow it; but if it commit a tort, the action matures at once."

Section 281 of the Portland charter attempts to exempt the City of Portland from liability for damages sustained by reason of a defective condition of a street in the same manner as the Vale charter attempts to exempt the City of Vale. Section 281 clearly shows that the legislature did not have in mind that claims for such injuries should ever be presented to the city. The plain language of the section quoted above prohibiting the appropriation of money to pay "such claims" until the same has been referred to the proper department and reported to the council by such department "unless judgment has been rendered on such claim" contemplates that a judgment will be rendered on certain claims against the city, without the presentation of such claims in the manner provided for in this section. This language indicates that the main object of this portion of the charter was to regulate the manner of conducting such affairs by the city government, and not to control the time for action by the courts. Therefore, it cannot be said that such a claim comes within the provisions of Section 282 of the city charter. The same rule must be applied as when in a case where the position of the parties is reversed and the plaintiff did not file a claim for damages with the city officials, as in the Vale case. There

was no statutory prohibition against the plaintiff's action before filing her claim with the city authorities.

3, 4. Counsel for plaintiff invoke the provision of Section 21, L. O. L., which reads thus:

"If an action shall be commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal, the plaintiff, or if he die, and the cause of action survives, his heirs or personal representatives, may commence a new action within one year after the reversal."

The facts to which plaintiff would apply the law contained in this section are stated in plaintiff's brief in effect as follows: That Victoria I. Colby, plaintiff, prior to the institution of the present action, filed a joint action against the City of Portland, city commissioners and city engineer on the second day of October, 1916. The case was then pending in the court, until the twelfth day of December, 1916, when the trial court by verbal order, which was never entered of record, granted a nonsuit as against the City of Portland. The case went to the jury against the other joint defendants and it returned a verdict for plaintiff. Defendants appealed to the Supreme Court and on the third day of July, 1917, this court reversed the judgment of the lower court, and remanded the cause for a new trial: *Colby* v. *City of Portland,* 85 Or. 359 (166 Pac. 537).

The conditions of the present case do not come within the provisions of Section 21, L. O. L. In order to bring the case within the time prescribed in that section, plaintiff must have obtained a judgment against the defendant City of Portland in the former action, and the same have been reversed on appeal. The reason of the rule prescribed by such a statute is that if an action is commenced by a plaintiff against a

defendant while another action is pending between the same parties, the pendency of such prior action would be a ground for abatement of the second. The statute contemplates that where a judgment is rendered in an action in favor of the plaintiff, and against the defendant, which is reversed upon appeal, the plaintiff is allowed one year after such reversal in which to commence a new action against such defendant. In the present case, as the facts are stated by plaintiff, there was no action pending against the defendant City of Portland after the twelfth day of December, 1916. No judgment in favor of plaintiff and against this defendant was rendered in the former action or reversed on appeal. After the nonsuit as to the City of Portland on December 12, 1916, there was nothing to prevent plaintiff from commencing a new action against such defendant. If the first action had been proceeded with against the present defendant after the nonsuit and had been reversed and remanded for a new trial as to this defendant, then there would have been no necessity for the bringing of a new action. The running of the statute of limitations is not interrupted by the commencement of an action against the servant of the real party in interest: 25 Cyc. 1299(b); *Lattie-Morrison* v. *Holladay,* 27 Or. 175 (39 Pac. 1100). The pendency of the action against the servants of the defendant city, after December 12, 1916, did not interfere with the right of the plaintiff to bring a new action or toll the statute of limitations in the case at bar. The peculiar language of the statute must control in all cases, as the courts are without power to extend the provisions beyond the plain language of the enactment. 19 Am. & Eng. Ency. of Law (2 ed.), 263, as stated in that volume at page 260:

"e.  MUST BE AGAINST PROPER DEFENDANT.—A suit begun against a stranger or one who sustains no such relation to the proper defendant that a judgment against him would bind such defendant, can have no effect on the operation of the statute in favor of the party against whom the cause of action properly exists."

See, also, *Wallace* v. *Swepston,* 74 Ark. 520 (86 S. W. 398, 109 Am. St. Rep. 94); *Laughlin* v. *Calumet & Chicago Canal & Dock Co.,* 65 Fed. 441 (13 C. C. A. 1); *Robinson* v. *Thompson* (Tex. Civ. App.), 52 S. W. 117; *Meyer Bros. Drug Co.* v. *Fry* (Tex. Civ. App.), 48 S. W. 752; *Damon* v. *Leque,* 17 Wash. 573 (50 Pac. 485, 61 Am. St. Rep. 927).  It would not be suggested that the city would be bound by a judgment against the city commissioners, or engineer.  Under our statute, a nonsuit does not have the effect to bar another action for the same cause, but the time for bringing such other action is not extended on account of such nonsuit: Section 184, L. O. L.

The present action was not commenced within the time prescribed by the Code, viz., within two years after the cause of action accrued, and is barred.

The judgment of the lower court is therefore reversed, and the case dismissed.

REVERSED AND DISMISSED.